**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jason Evans HERRICK, Defendant— Appellant.**

No. 07–30379.

United States Court of Appeals, Ninth Circuit.

Submitted July 7, 2008.*

Filed July 9, 2008.

Mark A. Maldonado, Esq., DOJ—U.S. Department of Justice Counterterrorism Section/NSD, Washington, DC, for Plaintiff–Appellee.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**410**

Evangelo Arvanetes, Esq., FDMT— Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Jason Herrick appeals his sentence of 125 months imprisonment followed by a three-year term of supervised release imposed following his conviction for sending threatening communications to state and federal prosecutors, in violation of 18 U.S.C. § 876(c). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court correctly calculated the advisory Sentencing Guideline range of 100–125 months. Based on the sentencing factors enumerated in 18 U.S.C. § 3553, the court then sentenced Herrick to 125–months imprisonment, the top end of the Guideline range. The district court considered the mitigating factors presented by Herrick and determined that the interests of punishment, deterrence, and public safety warranted a 125–month sentence, which fell far short of the 480–month sentence allowed by statute. *See* 18 U.S.C. § 876(c). The district court also determined within its discretion that the sentence should run consecutively to Herrick's undischarged state and federal sentences for unrelated crimes. The district court's reasons were sufficient. We conclude that this within-Guidelines sentence is reasonable. *See United States v. Carty,* 520 F.3d

984, 994 (9th Cir.2008) (en banc) ("[W]e shall simply abide by the Supreme Court's admonition that 'when the judge's discretionary decision accords with the Commission's view of the appropriate application of § 3553(a) in the mine run of cases, it is probable that the sentence is reasonable.' ") (quoting *Rita v. United States,* — U.S. ——, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007)); U.S.S.G. § 5G1.3(c) ("[T]he sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

